Martin Sheer Dress Corporation, Respondent, v. Broadway-39th Street Corporation, Appellant.

First Department, February 13, 1931.

Reuben R. Rubinstein of counsel [Monte London, attorney], for the appellant.

Samuel Sobel of counsel [Sobel & Brand, attorneys], for the respondent.

Finch, J. The defendant appeals from an order denying a motion to dismiss the complaint for failing to state facts sufficient to constitute a cause of action. The motion should have been granted.

The action is brought to rescind a lease entered into between the parties and to recover the first month's rent paid thereunder,

apparently upon the ground that the plaintiff was induced to sign the lease upon the false representation of the defendant that the lease contained among its terms certain representations alleged to have been made by the defendant in regard to the use for which the premises could be occupied by the plaintiff and the space available for such use. These latter representations are alleged also to have been false in fact.

The difficulty with the complaint is that it fails to allege that the lease does not contain the aforesaid provisions. In this connection the complaint alleges:

" *Ninth.* That the aforesaid lease herein referred to was prepared by the defendant, its agents and counsel, and was represented to this plaintiff to contain and embody all the terms of the agreement as theretofore made and as orally represented; that this plaintiff believed, as represented, that the said lease contained the terms of the agreement as theretofore made between the plaintiff and the defendant, and thereupon signed the same, believing and relying upon the representations so made."

The complaint then goes on to allege that plaintiff discovered that the representations with respect to the character of use and the extent of the floor space available for such use were false, and that immediately upon such discovery, " the plaintiff advised the said defendant that the said lease as drawn was not in accordance with the representations of the defendant, and demanded that the said lease should be terminated, cancelled and rescinded because of the false and untrue representations made as aforesaid."

It is thus seen that there is no direct allegation in the complaint that the lease did not contain the statement that more than fifty per cent of the floor area occupied by the plaintiff could be used for manufacturing purposes. Apparently the plaintiff omitted this allegation with studied design, because it says in its brief: " Whether the lease actually does or does not [give the plaintiff the right to use fifty per cent of the floor area for manufacturing purposes] is a question of law to be determined by this Court but cannot be determined upon this motion for the reason that the lease is not made a part of the complaint." The plaintiff labors to show that if these allegations were in the lease and were false, a cause of action would be stated; also that if they were not in the lease but were falsely represented to have been contained therein, a cause of action likewise is stated. Until the plaintiff takes an unequivocal stand upon this question, these labors are in vain. For want therein of a direct allegation upon this vital matter, the complaint does not state a cause of action.

It follows that the order appealed from should be reversed,

with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within ten days after service of a copy of the order to be entered hereon, with notice of entry, and upon payment of said costs.

DOWLING, P. J., MERRELL, McAVOY and SHERMAN, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within ten days from service of order upon payment of said costs.